UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 24-cr-456-6 (TJK) |
| | : | |
| v. | : | |
| | : | |
| **LAWRENCE SMITH,** | : | |
| | : | |
| **Defendant.** | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO
VACATE ORDER FOR PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to Defendant Lawrence Smith's Motion to for Bond Review and Request to Vacate Order for Pretrial Detention (ECF No. 112). In support of this opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at any hearing on this matter.

BACKGROUND

The Defendant has been indicted for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The Defendant was arrested on October 16, 2024, and he had his initial appearance that same day. The Government agreed not to seek detention, so the Defendant was released with conditions—among others, that he not use or possess illegal drugs, submit to drug testing if required by his supervision officer, and participate in drug treatment if required, *see* ECF No. 17, at 2. On June 23, 2025, however, after violating his pretrial release conditions numerous times, the Defendant's release was revoked.

APPLICABLE LAW

The Bail Reform Act requires pretrial detention where a court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the

1

safety of any other person and the community." 18 U.S.C. §§ 3142(e). Here, the Defendant is eligible for detention pursuant to 18 U.S.C. § 3142(f)(1)(C) (a drug offense with a maximum term of imprisonment of 10 years or more).

## ARGUMENT

The Defendant's argument for release rests on the assertion that, because he has been detained for about 70 days, he "has had ample time to detox [and] has expressed a clear understanding of the critical need for treatment and rehabilitation, and the level of commitment he must apply." *See* ECF No. 112 at 2. This assertion is belied by the record.

After the Defendant's pretrial release, he failed to comply with his reporting obligations numerous times. *See* June 23, 2025, Pretrial Violation Report (ECF No. 100) at 1-2. Additionally, according to the Pretrial Services Agency, on about **47** separate occasions, he either missed drug testing or had a positive drug test (leaving aside the residual positive tests). *See id.* at 2-3. He also had one test indicative of water loading, *id.* at 3, in an apparent effort to hide his failure to abide by his release conditions. In other words, since his release, he has violated his drug-related pretrial release conditions, on average, nearly six times every month.

Pretrial attempted to secure drug treatment for the Defendant. That, however, did not work. On January 7, 2025, his treatment program reported that the Defendant was not compliant with his treatment because he had attended only one outpatient session during the prior month. *Id.* at 4. The Defendant then failed to report for inpatient treatment; he claimed (without proof) that he had COVID but also stated that he did not consent to treatment. *Id.* The Defendant then enrolled in inpatient treatment in early April, but he refused to stay beyond the 28-day period while "expressing confidence in his ability to abstain from illegal substances." *Id.* Consequently, he was discharged from in-patient treatment. *Id.* He then began another program before he was

incarcerated and was compliant, *id.*, but he barely spent any time in the program before he was placed into pretrial detention, so any compliance is of little weight. Prior to his hearing on June 23, 2025, Pretrial recommended that the Defendant be detained pretrial, a recommendation that, to the undersigned's understanding, remains unchanged.

In short, while on release, the Defendant continued to use drugs and refused to stay in treatment for his severe drug addiction. Based on his extensive record of failing to abide by his pretrial release conditions, there is no reason to believe that if he is released from jail that the Defendant would do anything other than fail to abide by his release conditions. But even assuming that the Defendant, after having detoxed, truly now understands the need for treatment, this only underscores the need for pretrial detention. Releasing the Defendant back into the community—where he failed to understand the importance of treatment after numerous attempts to get him to do just that—would result in still more drug abuse and failures to abide by Court orders.

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court deny the Defendant's motion.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Solomon S. Eppel*
SOLOMON S. EPPEL
Assistant United States Attorney
District of Columbia
D.C. Bar No. 1046323
601 D Street, NW
Washington, D.C. 20530